EWERT *v.* BASINGER.

(No. CVG-78-23422—Decided December 15, 1978.)

Toledo Municipal Court.

*Mr. Joseph P. Sheehy,* for plaintiff.
*Mr. Frederick B. Johnson,* for defendant.

ABOOD, J. On November 21, 1978, this cause came on for trial. Upon consideration of the stipulation of facts entered herein, evidence received at trial, post-trial memorandums of each party and the law this court finds:

(1) Plaintiff is the owner of the premises known as 143 Gibbons Street, Toledo, Ohio, and defendant is a tenant residing at the premises under an oral month-to-month tenancy. On October 27, 1977, the Toledo Health Department, Division of Housing, made an inspection of the plaintiff's property at 143 Gibbons and issued a Housing Order for the landlord to make the necessary repairs to the premises. On November 30, 1977, defendant, through counsel, sent to the plaintiff a Notice of Landlord's Breach of Obligation. The notice specified eleven violations that the landlord should correct within thirty days. The landlord having failed to make any corrections within the specified thirty-day period, caused the defendant, on January 3, 1978, to deposit her money into an escrow account in the Municipal Court of Toledo, case number CVF-78-00075. Since that time, over the past eleven months, the landlord has complied with only five of the eleven items complained of in the Notice of Landlord's Breach of Obligation.

On September 27, 1978, the plaintiff hand delivered a thirty-day notice to vacate premises to the defendant. On October 31, 1978, the plaintiff filed his complaint herein.

(2) Plaintiff's action for possession of the premises herein is not a retaliatory action as set forth in R. C. 5321.-02 (A)(1) and (A)(2).

(3) Compliance with the Housing Order issued by the Division of Housing of the Toledo Board of Health will require certain alterations and remodeling which will for a period of time effecively deprive the tenant of the use of the dwelling unit.

(4) The hand delivery by plaintiff to defendant on September 27, 1978, of the thirty-day notice to vacate the premises was sufficient notice under R. C. 5321.17(B) to terminate defendant's tenancy on the expiration of those thirty days, after which date defendant became a hold-over tenant subject to an action in forcible entry and detainer under R. C. 1923.02(A).

(5) An action in forcible entry and detainer under R. C. 1923.02 must be begun by service on the defendant of the three-day notice required in R. C. 1923.04, which notice is a necessary part of the commencement of that action.

(6) Plaintiff may not begin his action in forcible entry and detainer, by service of the three-day notice required in R. C. 1923.04, until the expiration of the thirty-day period provided for in the notice delivered by plaintiff to defendant on September 27, 1978.

(7) The hand delivery by plaintiff to defendant on September 27, 1978, of the thirty-day notice to vacate the premises does not constitute notice under R. C. 1923.04.

(8) The plaintiff has failed to serve notice on the defendant as required by R. C. 1923.04.

It is therefore ordered that the complaint against the defendant is hereby dismissed.

*Complaint dismissed.*